**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

FILED
JAN 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| v. : | Criminal No. 07-291 |
| **KAREN TIMBERLAKE** : | |

### STATEMENT OF OFFENSE

The parties in this case, the United States of America and the defendant, Karen Timberlake, stipulate and agree that the following facts are true. These facts do not constitute all of the facts known to the parties concerning the charged offenses; they are being submitted to demonstrate that sufficient facts exist that the defendant committed the offense to which she is pleading guilty.

1.  From May 10, 1998, up to the present, Karen Timberlake has worked at the Department of Housing and Urban Development ("HUD") Headquarters in Washington, D.C. From 2003 until November 2006 at HUD, she performed, among other tasks, timekeeping of other employees' work hours. As part of these duties she collected time sheets, completed time and attendance records, and input those records into a computer system that would transfer the data to U.S. Payroll. Timberlake was aware that employees seeking leave or overtime pay required documentation and approval from supervisors.

2.  Because of rules limiting a timekeeper's ability to record his or her own time, Timberlake's time and requests for leave or overtime pay were processed by timekeeper Patricia Debnam. Beginning on or about January 1, 2003, and continuing until on or about October 28, 2006, Timberlake began reporting overtime that she had not actually worked to Debnam. Debnam did not request documentation on that overtime, although occasionally Timberlake would falsely promise

Debnam that she would provide documentation for some overtime requests. At times, Timberlake's hours reflected in her worksheets for her time and attendance differed substantially from the greater hours ultimately logged and transmitted to the payroll system. On some occasions, the overtime was indicated in pencil on the worksheets and at other times it was not reflected at all. For all periods in which Timberlake reported overtime for which she had not worked, she never secured supporting documentation indicating supervisory approval of her overtime requests. Timberlake has stated she did not provide any benefit to Debnam in exchange for the input of her overtime hours.

3.  As a result of these requests, Timberlake received in 2003 approximately $2,855 in unworked overtime, in 2004 approximately $4,283 in unworked overtime, in 2005 approximately $10,293 in unworked overtime, and in 2006 approximately $9,617 in unworked overtime. On several occasions she reported unworked overtime in excess of 35 hours for a two week pay period. In total, since 2003, Timberlake has received approximately $27,048 in unworked overtime from the U.S. Treasury.

4.  Timberlake was friends with another HUD employee, Kim Turner. Timberlake acted as Turner's timekeeper from approximately 2004 until November 2006. In 2005, Timberlake mentioned to Turner that she, Timberlake, received overtime pay for time she did not actually work. Approximately 2 to 3 weeks after this conversation, Turner approached Timberlake and requested that Timberlake credit her for overtime she did not work, and charge Turner's leave without pay status to regular time. Timberlake then credited Turner overtime for work Turner did not work, and charged Turner's leave without pay status to regular time. In 2006, Timberlake credited Turner with 78 regular time hours which had actually been leave without pay hours, with a financial benefit to Turner of approximately $1650. Between on or about January 2006 and on or about November 2006, Timberlake credited overtime for work Turner did not work, with a financial benefit to Turner

of approximately $1934. Timberlake has stated she did not receive a financial benefit for taking these actions on behalf of Turner.

5.      The defendant subsequently admitted to agents of HUD that she had systematically reported overtime hours which she had not worked, and that she was not entitled to the resulting overtime payments.

_____
Jeff Pearlman
Assistant United States Attorney

_____
Carlos Venegas, Esq.
Attorney for Defendant

_____
Karen Timberlake
Defendant

9/21/07
Date

1-25-08
Date